IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS STEWART, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-2226-N |
| | ) | |
| LORIE DAVIS, Director, TDCJ-CID, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges the September 2014 revocation of his supervised release and the Board of Pardons and Parole's ("Board") October 2014 decision to deny him release on parole.

Petitioner was convicted of possession methamphetamine in an amount less than 28 grams, enhanced. *State of Texas v. Thomas Gilmore Stewart*, F88-69008-KU (291st Dist. Ct., Dallas County, Tex., June 28, 1989). He was sentenced to thirty years in prison.

On June 16, 2010, Petitioner was released on parole. On June 10, 2014, he pleaded guilty

to possession of a controlled substance and was sentenced to three years in prison. *State of Texas v. Thomas Gilmore Stewart*, No. 39171CR (40th Jud. Dist. Ct., Ellis County, Tex., June 10, 2014).

On September 5, 2014, Petitioner's parole was revoked. On November 19, 2014, Petitioner's motion to reopen the revocation hearing was denied. On October 3, 2014, the Board denied Petitioner release on parole.

On June 10, 2015, Petitioner filed a state habeas petition challenging his parole revocation and the denial of release to parole. On June 15, 2016, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On August 10, 2016, Petitioner filed the instant § 2254 petition. He argues:

1. There was insufficient evidence to support the parole revocation;

2. He was denied adequate notice of the parole revocation allegations;

3. There were inadequate reasons stated for the revocation;

4. He was denied parole as a form of physical retaliation; and

5. He was subjected to a ten dollar per month tax while in federal custody.

On November 2, 2016, Respondent filed her answer. On December 6, 2016, Petitioner filed a reply. The Court now finds the petition should be denied.

**II. Discussion**

**1. Standard of review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that

>   was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>   (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

**2.   Insufficient Evidence**

Petitioner claims there was insufficient evidence to support the parole revocation because the revocation report states the offense occurred at the Ellis County Jail, when the offense actually occurred at his home.

The revocation report shows that the Hearing Officer relied on Petitioner's Ellis County conviction, number 39171-CR, to find that Petitioner violated the terms of his parole. (ECF No. 15-1 at 15.) The revocation report appears to state that the offense occurred at the Ellis County Jail, as Petitioner argues. Even if the report erroneously states that the Ellis County conviction occurred at the Ellis County Jail, Petitioner's insufficiency of the evidence claim is without

merit. Petitioner does not dispute that he pleaded guilty to the drug offense in Ellis County, although he alleges he was forced to plead guilty. The conditions of his parole required that he commit no criminal offense while on parole. (*Id*.) The Ellis County criminal judgment, and Petitioner's admission that he pleaded guilty to the offense, constituted sufficient evidence to support his revocation. Petitioner's claim should be denied.

**3.     Notice and Statement of Evidence**

Petitioner alleges he received insufficient notice of the revocation claims, and the revocation decision included an inadequate statement of the evidence it relied upon. Petitioner argues the notice was inadequate because it stated that the Ellis County conviction occurred at the Ellis County Jail. He argues the statement of evidence was inadequate because it failed to state that the Ellis County conviction was the result of an unlawful eviction.

In *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972), the Supreme Court set out the following minimum requirements of due process for revocation hearings: (1) written notice of the claimed violations; (2) disclosure of the evidence against Petitioner; (3) opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (5) a "neutral and detached" hearing body such as a traditional parole board; and (6) a written statement by the factfinders as to the evidence relied on and the reasons for the revocation. *Id*. at 489.

On August 13, 2014, Petitioner received notice that the Board charged him with violating the terms of his probation due to the Ellis County conviction. Petitioner claims this notice was insufficient because the notice stated that the offense occurred at the Ellis County Jail, rather than

at his house.  The Court finds the notice was sufficient to inform Petitioner of the allegations against him.  The notice contained the Ellis County cause number, description of the offense, name of the court, sentence imposed, date of the offense, and date of judgment.  (ECF No. 15-1 at 19.)  Petitioner's claim of insufficient notice is without merit.

Petitioner also argues the revocation decision included an inadequate statement of the evidence relied upon because the decision failed to include his challenges to the lawfulness of the Ellis County conviction.  The revocation decision, however, states that it relied upon the fact of conviction.  (ECF No. 14-1 at 15.)  Petitioner does not dispute that he was convicted in Ellis County of the drug offense.  Petitioner's claim of an inadequate revocation statement is without merit.

**4.      Denial of Parole**

Petitioner claims he was denied release on parole as a form of physical retaliation.  He states he has injuries to his shoulders that require medical attention and that the Board denied him parole so that he cannot seek outside medical treatment.  In his reply to Respondent's answer, Petitioner also argues that the Board denied him parole as retaliation for filing previous lawsuits against the Board.

To state a claim for retaliation, a prisoner must establish:  (1) that he invoked a specific constitutional right; (2) that the defendant intended to retaliate against him for his exercise of that right; (3) a particular retaliatory adverse act; and (4) that, but for the defendant's retaliatory motive, the complained-of adverse act would not have occurred. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (citing *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).  The prisoner must carry the "significant burden" of showing the defendant's retaliatory motive, which

requires more than mere conclusory allegations, and the court must "carefully scrutinize" the claim "with skepticism[.]" *Woods*, 60 F.3d at 1166 (quoting *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994)). The prisoner must present direct evidence of motive or, barring that, allege a chronology of events from which retaliation may be plausibly inferred. *Id.* "The relevant showing in such cases must be more than the prisoner's 'personal belief that he is the victim of retaliation.'" *Johnson,* 110 F.3d at 310 (quoting *Woods v. Edwards*, 517 F.3d 577. 580 (5th Cir. 1995)).

Here, Petitioner offers nothing but his conclusory claims of retaliated. Petitioner's claim are insufficient and should be denied.

**5.    Monthly Tax**

Petitioner states the Board wrongfully charged him a $10 monthly tax while he was in federal custody. This claim is not cognizable on habeas review. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (stating that a petition for writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody). Petitioner's claim should be denied.

**6.    Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**III.  Recommendation**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2254 be DENIED.

Signed this 8th day of January, 2018.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**     Page -8-